UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-124-RLV
(5:94-cr-5-RLV-1)

| | |
|---|---|
| ANTHONY GEORGE ROSS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration and Reopen re Motion to Vacate/Set Aside/Correct Sentence, (Doc. No. 12), and on the Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 14).

**I.  BACKGROUND**

Petitioner was convicted of nine offenses following a jury trial, including conspiracy to commit armed bank robbery and two counts each of bank robbery, armed bank robbery, using a firearm during and in relation to a crime of violence, and possession of a firearm by a convicted felon.  This Court sentenced Petitioner to 294 months in prison on each of the offenses, except the § 924(c) firearm offenses, to be served concurrently, and to 60 months and 240 months, respectively, for the two § 924(c) firearm convictions, to be served consecutively.  This Court entered its judgment on September 26, 1994.

Petitioner appealed, and the Fourth Circuit affirmed all but his convictions for bank robbery, vacating those convictions and explaining that this Court should not have entered judgments of conviction for both bank robbery, 18 U.S.C. § 2113(a), and armed bank robbery, 18 U.S.C. § 2113(d).  On remand, this Court imposed the same sentence but without convictions

1

for bank robbery. On August 20, 2012, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, asserting that this Court assessed six criminal-history points based on two prior convictions that did not constitute felony convictions under the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). This Court dismissed and denied Petitioner's motion to vacate as untimely on September 20, 2013.

More than a year later, on January 15, 2015, Petitioner filed a motion to reconsider under Federal Rule of Civil Procedure 60(b), seeking to assert claims of ineffective assistance of counsel and a double-jeopardy violation.

## II.     DISCUSSION

Rule 60(b) provides that a court may relieve a party from a final judgment for specific reasons, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." FED. R. CIV. P. 60(b); see United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003) (noting that Rule 60(b) "codifies inherent judicial powers that were previously exercised through a gaggle of common-law writs, which the rule abolishes"). Where a party seeks relief from a final judgment based on mistake, newly discovered evidence, or fraud or misconduct by an opposing party, the party must file its motion within a year after the entry of the judgment. FED. R. CIV. P. 60(c). While Rule 60(b) is a rule of civil procedure, it applies to proceedings filed under 28 U.S.C. § 2255 "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. 28 U.S.C. § 2255 Rule 12; see also Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).

As the Supreme Court recognized in Gonzalez, "Rule 60(b) has an unquestionably valid role to play in habeas cases" and may be used, for example, to relieve parties from the effect of a

mistakenly-entered default judgment or to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction. Gonzalez, 545 U.S. at 534. A party seeking relief under Rule 60(b) must show "extraordinary circumstances" justifying the reopening of a final judgment, however, and "[s]uch circumstances will rarely occur in the habeas context." Id. at 535.

Addressing subsection (6) of Rule 60(b), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief," the Supreme Court has stated that a court should "consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988). A party may not seek relief under Rule 60(b)(6) on any basis that is covered in subsections (1) through (5) of Rule 60(b), and relief may not be granted, unless the party filing the motion has a meritorious claim or defense, the opposing party will not be unfairly prejudiced by having the judgment set aside, and the reason for seeking relief could not have been addressed on appeal from the judgment. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (emphasizing that a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved").

Here, Petitioner does not assert any claim that could not have been asserted in earlier proceedings, nor has he asserted any claim or evidence suggesting that this Court improperly adjudicated his motion to vacate. Instead, Petitioner seeks to use his Rule 60(b) motion to assert substantive claims he failed to assert in his motion to vacate or earlier in his criminal proceedings. These claims amount to a second or successive motion to vacate and are not, therefore, cognizable under Rule 60(b). See United States v. McRae, 793 F.3d 392 (4th Cir. 2015) (explaining that "a Rule 60(b) motion in a habeas proceeding that attacks 'the substance of

3

the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition"). Accordingly, Petitioner's Rule 60(b) motion is denied.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's motion under Rule 60(b)(4) for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration and Reopen re Motion to Vacate/Set Aside/Correct Sentence, (Doc. No. 12), is **DISMISSED** as a successive petition.

2. The Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 14), is **GRANTED** nunc pro tunc.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 24, 2016

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge